**In re SHOUP'S FOOD SERVICE, INC., a/k/a Dick's Grocery, Debtor.**

**Bankruptcy No. NK 86–03017.**

United States Bankruptcy Court, W.D. Michigan.

Sept. 9, 1988.

---

Miller, Johnson, Snell and Cummiskey, Thomas P. Sarb, and Mark E. Rizik, Grand Rapids, Mich., for debtor.

R. Todd Luoma, U.S. Dept. of Justice, Tax Div., Washington, D.C., for I.R.S.

## ALLOCATION OF TAX PAYMENT—VOLUNTARINESS

DAVID E. NIMS, Jr., Bankruptcy Judge.

The Internal Revenue Service ("IRS") objects to the plan of reorganization proposed by Shoup's Food Service, Inc. ("the Debtor") which will allocate tax payments to tax trust fund liability first, thereby relieving the debtor's responsible persons of their personal liability under 26 U.S.C. § 6672, at least to the extent such payments are made. The IRS contends that under the relevant case law a taxpayer may allocate only voluntary tax payments, and that tax payments made pursuant to a confirmed plan of reorganization are *per se* involuntary.

While this objection was under advisement, the Sixth Circuit addressed the selfsame question in *DuCharmes & Co., Inc. v. United States (In re DuCharmes & Co.)*, 852 F.2d 194 (6th Cir.1988). *DuCharmes* presented the Sixth Circuit with exactly the same situation as is presented in the instant case: the debtor proposed a plan which provided that payments made under the plan to taxing authorities would be allocated to trust fund tax debts first. The Internal Revenue Service objected; the bankruptcy court sustained the objection and the district court reversed the bankruptcy court. The Sixth Circuit then reversed the district court, holding that "we agree with the Third and Ninth Circuits that payments made to the Internal Revenue Service on pre-petition tax liabilities by a Chapter 11 debtor ought to be considered 'involuntary payments' that may not be allocated to pay the debtor's trust fund liabilities first." At 196.

I must therefore sustain the objection of the IRS to the allocation provision in the Debtor's plan of reorganization.

I have previously found the plan to be confirmable in all other respects. (Transcript of Confirmation Hearing of March 18, 1988, at 27.) Therefore, an order confirming the plan without the allocation provision may be submitted. A copy of this Opinion shall be served on the Debtor, the Internal Revenue Service, and their attorneys.